**UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF WASHINGTON**
**SEATTLE DIVISION**

AO LIU,

          Plaintiff,

v.

BANK OF AMERICA, N.A., AMERICAN EXPRESS NATIONAL BANK, and EQUIFAX INFORMATION SERVICES, LLC,

          Defendants.

**Case No.: 2:26-cv-02325**

**JURY TRIAL DEMANDED**

## COMPLAINT

### PRELIMINARY STATEMENT

1. This is an action for actual, statutory, and punitive damages, declaratory and injunctive relief, and statutory attorneys' fees and costs, brought pursuant to the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq. (the "FCRA"), and the Washington Consumer Protection Act, RCW 19.86 et seq.

2. Defendant Equifax Information Services LLC ("Equifax") is reporting two credit-card accounts on the consumer report of Plaintiff Ao Liu that do not belong to her: a Bank of America account ending in 2961 and an American Express account ending in 1083. Plaintiff did not open, authorize, or benefit from either account.

3. The accounts are the product of identity theft or, in the alternative, of a "mixed file" in which credit information belonging to another consumer has been commingled with Plaintiff's file.

4. Both furnishers told Plaintiff the accounts are not hers. American Express advised Plaintiff in writing that her "personal information is not on the account," and a Bank of America

COMPLAINT
CASE NO.: 2:26-cv-02325

Consumer Justice Law Firm
450 Alaskan Way South, Suite 200
Seattle, Washington 98104
T: (602) 807-1527

representative confirmed in writing that the bank had no other credit card in Plaintiff's name. Nevertheless, after Plaintiff disputed the accounts to Equifax—supported by a notarized identity-theft affidavit and a sworn FTC Identity Theft Report—Equifax "verified" both accounts as belonging to her and continued to report them.

5. Defendants Equifax, Bank of America, and American Express each failed to discharge their obligations under the FCRA. Equifax failed to follow reasonable procedures to assure maximum possible accuracy and failed to conduct a reasonable reinvestigation; the Furnisher Defendants failed to conduct reasonable investigations and to correct or delete information they could not verify. As a direct and proximate result, Plaintiff has suffered actual damages—including damage to her credit, the dissemination of false derogatory information to third parties, and emotional distress—for which she seeks redress.

**JURISDICTION AND VENUE**

6. This Court has subject-matter jurisdiction pursuant to 15 U.S.C. § 1681p and 28 U.S.C. § 1331.

7. This Court has supplemental jurisdiction over Plaintiff's state-law claim pursuant to 28 U.S.C. § 1367.

8. This Court has jurisdiction over Plaintiff's claim for declaratory relief pursuant to 28 U.S.C. § 2201.

9. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events and omissions giving rise to Plaintiff's claims occurred in this District, where the inaccurate information was reported to and about Plaintiff and where Plaintiff suffered injury, and because Defendants regularly transact business in this District.

//

COMPLAINT
CASE NO.: 2:26-cv-02325

Consumer Justice Law Firm
450 Alaskan Way South, Suite 200
Seattle, Washington 98104
T: (602) 807-1527

**PARTIES**

10. Plaintiff Ao Liu is a natural person who resides in Kenmore, King County, Washington.

11. Plaintiff is a "consumer" as defined by the FCRA, 15 U.S.C. § 1681a(c).

12. Defendant Equifax Information Services LLC ("Equifax") is a Georgia limited liability company with its principal place of business in Atlanta, Georgia, engaged in the business of assembling, evaluating, and disseminating information concerning consumers for the purpose of furnishing consumer reports to third parties.

13. Equifax is a "consumer reporting agency" within the meaning of the FCRA, 15 U.S.C. § 1681a(f).

14. Defendant Bank of America, N.A. ("Bank of America") is a national banking association with its principal place of business in Charlotte, North Carolina, and at all relevant times furnished information concerning Plaintiff to Equifax.

15. Bank of America is a "furnisher of information" within the meaning of the FCRA, 15 U.S.C. § 1681s-2.

16. Defendant American Express National Bank ("American Express") is a national banking association with its principal place of business in Sandy, Utah, and at all relevant times furnished information concerning Plaintiff to Equifax.

17. American Express is a "furnisher of information" within the meaning of the FCRA, 15 U.S.C. § 1681s-2.

18. Equifax is referred to herein as the "CRA Defendant." Bank of America and American Express are referred to collectively as the "Furnisher Defendants."

//

COMPLAINT
CASE NO.: 2:26-cv-02325

Consumer Justice Law Firm
450 Alaskan Way South, Suite 200
Seattle, Washington 98104
T: (602) 807-1527

3

## FACTUAL ALLEGATIONS

### A. Background

19. Plaintiff is a consumer who has maintained legitimate credit accounts in good standing, including accounts with both Bank of America and American Express that are paid as agreed.

20. Plaintiff's genuine accounts with these institutions bear account numbers and opening dates that differ from the Fraudulent Accounts described below, and Plaintiff has maintained her legitimate accounts in good standing.

### B. The Inaccurate Information

21. Plaintiff's Equifax consumer report contains two credit-card accounts that do not belong to her:

(a) A Bank of America account ending in 2961, reported as "Charge Off" with a balance of $884, purportedly opened September 15, 2022; and

(b) An American Express account ending in 1083, reported as "Charge Off" with a balance of $3,775, purportedly opened March 21, 2023.

22. Plaintiff did not open, authorize, apply for, sign for, use, or benefit from either account (the "Fraudulent Accounts").

23. Upon information and belief, the Fraudulent Accounts first appeared on Plaintiff's Equifax consumer report on or about October 20, 2024.

24. Thereafter, Equifax reported the Fraudulent Accounts as progressively delinquent—30, 60, 90, 120, 150, and 180 days past due—before reporting each as a charge-off in or about March and April 2025.

25. The Fraudulent Accounts are reported only on Plaintiff's Equifax consumer report; they do not appear on her Experian or TransUnion consumer reports, which is consistent with identity theft or a mixed file localized to Equifax's file on Plaintiff.

COMPLAINT
CASE NO.: 2:26-cv-02325

Consumer Justice Law Firm
450 Alaskan Way South, Suite 200
Seattle, Washington 98104
T: (602) 807-1527

## C. Disputes to the CRA Defendant

**Equifax**

26. In or about January 2025, Plaintiff discovered the Fraudulent Accounts after receiving an identity-theft alert and repeated debt-collection calls demanding payment on the American Express account.

27. On or about January 23, 2025, Plaintiff contacted both Bank of America and American Express by telephone to inquire about the Fraudulent Accounts. Both furnishers told Plaintiff that the accounts were not associated with her.

28. In a separate written live-chat exchange, a Bank of America representative confirmed that the bank had no other credit card in Plaintiff's name, stating: "Since I am not showing any other credit card with your name, I am going to provide the link to call our Fraud team so they can look further into this with you, and submit a request to get this resolved with Equifax."

29. Plaintiff also disputed the Fraudulent Accounts to Equifax online, and Equifax denied her dispute.

30. By dispute letter dated July 24, 2025, sent via certified mail, Plaintiff disputed both the Bank of America account ending in 2961 and the American Express account ending in 1083 with Equifax, and informed Equifax that both furnishers had confirmed the accounts were not hers.

31. Plaintiff's dispute enclosed substantial supporting documentation, including a notarized Identity Theft Affidavit; an FTC Identity Theft Report, No. 188514239, sworn under penalty of perjury; a copy of Plaintiff's driver's license; and a copy of her Equifax credit report with the disputed items marked.

32. Plaintiff's sworn FTC Identity Theft Report further informed Equifax: "I contacted both American Express and Bank of America to verify whether these accounts were legitimately tied to me. Both banks confirmed that the accounts did not belong to me over the phone."

COMPLAINT
CASE NO.: 2:26-cv-02325

Consumer Justice Law Firm
450 Alaskan Way South, Suite 200
Seattle, Washington 98104
T: (602) 807-1527

33. By letter dated August 21, 2025 (Confirmation No. 5215526391), Equifax responded to Plaintiff's dispute. Despite the sworn affidavit, the sworn FTC report, and Plaintiff's supporting documentation, Equifax "verified" both Fraudulent Accounts as belonging to Plaintiff and continued to report them.

34. With respect to the Bank of America account ending in 2961, Equifax stated: "WE VERIFIED THAT THIS ITEM BELONGS TO YOU." With respect to the American Express account ending in 1083, Equifax likewise stated: "WE VERIFIED THAT THIS ITEM BELONGS TO YOU."

35. Upon information and belief, Equifax forwarded Plaintiff's dispute to the Furnisher Defendants, and the Furnisher Defendants verified the Fraudulent Accounts as accurate notwithstanding that the accounts do not belong to Plaintiff.

**D.  The Furnisher Defendants' Conduct**

36. Bank of America received notice of Plaintiff's dispute from Equifax. Although its own representative had confirmed in writing that Bank of America had no credit card in Plaintiff's name, Bank of America failed to conduct a reasonable investigation and verified the account ending in 2961 as accurate, or otherwise failed to correct or delete it.

37. American Express received notice of Plaintiff's dispute from Equifax. By letter dated August 22, 2025, American Express refused Plaintiff's dispute, stating: "We have reviewed your dispute and are unable to accept your claim for the following reason: Your personal information is not on the account. American Express is correctly reporting the persons' information named on the account." Despite acknowledging that Plaintiff's personal information is not on the account, American Express failed to conduct a reasonable investigation and verified the account ending in 1083 as accurate, or otherwise failed to correct or delete it.

COMPLAINT
CASE NO.: 2:26-cv-02325

Consumer Justice Law Firm
450 Alaskan Way South, Suite 200
Seattle, Washington 98104
T: (602) 807-1527

38. Thus, both Furnisher Defendants confirmed to Plaintiff that the Fraudulent Accounts are not hers, yet continued to furnish the accounts to Equifax as accurate.

**E.  Damages**

39. As of May 6, 2025, Plaintiff's Equifax credit score was 616—materially depressed relative to her excellent payment history on all legitimate accounts.

40. While the false delinquencies and charge-offs were reported, and after Plaintiff disputed them, Equifax disseminated Plaintiff's consumer report containing the inaccurate information to third parties in response to inquiries, including inquiries by FMR LLC (d/b/a Fidelity) on March 14, 2025 and ConsumerInfo.com on April 22, 2025.

41. Plaintiff also received repeated harassing debt-collection calls concerning the fraudulent American Express account, stating: "I constantly received calls from the debt collection companies to ask for payments to this overdue Amex account."

42. As a direct and proximate result of Defendants' conduct, Plaintiff has suffered actual damages, including damage to her credit score and creditworthiness, the publication of false derogatory information to third parties, harm to her reputation, and emotional distress, including anxiety, embarrassment, aggravation, and frustration.

**FIRST CAUSE OF ACTION**
**Violation of the Fair Credit Reporting Act,**
**15 U.S.C. § 1681e(b) and § 1681i**
**(Against the CRA Defendant, Equifax)**

43. Plaintiff repeats and re-alleges each of the foregoing paragraphs as if fully set forth herein.

44. The FCRA requires that, whenever a consumer reporting agency prepares a consumer report, it "shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates." 15 U.S.C. § 1681e(b).

COMPLAINT
CASE NO.: 2:26-cv-02325

Consumer Justice Law Firm
450 Alaskan Way South, Suite 200
Seattle, Washington 98104
T: (602) 807-1527

45. Equifax violated 15 U.S.C. § 1681e(b) by failing to establish and follow reasonable procedures to assure maximum possible accuracy of the information it reported concerning Plaintiff, including by reporting two accounts that belong to another person or are the product of identity theft.

46. The FCRA further requires that, when a consumer disputes the completeness or accuracy of an item of information in the consumer's file, the consumer reporting agency shall conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate. 15 U.S.C. § 1681i(a)(1).

47. Equifax violated 15 U.S.C. § 1681i by its acts and omissions, including, but not limited to:

(a) failing to conduct a reasonable reinvestigation to determine whether the disputed information was inaccurate and to record the current status of the disputed information or delete it, in violation of § 1681i(a)(1);

(b) failing to review and consider all relevant information submitted by Plaintiff, in violation of § 1681i(a)(4); and

(c) failing to delete or modify the disputed inaccurate information upon a lawful reinvestigation, in violation of § 1681i(a)(5).

48. Despite Plaintiff's detailed written dispute, notarized affidavit, and sworn FTC Identity Theft Report—and despite both furnishers having confirmed the accounts were not hers—Equifax "verified" both accounts as belonging to Plaintiff and continued to report them.

49. As a direct and proximate result of Equifax's violations of § 1681e(b) and § 1681i, Plaintiff suffered actual damages, including damage to her credit score and creditworthiness, harm to her reputation, and emotional distress.

COMPLAINT
CASE NO.: 2:26-cv-02325

Consumer Justice Law Firm
450 Alaskan Way South, Suite 200
Seattle, Washington 98104
T: (602) 807-1527

50. Equifax's violations were willful, entitling Plaintiff to actual damages, statutory damages, punitive damages, and reasonable attorneys' fees and costs pursuant to 15 U.S.C. § 1681n.

51. In the alternative, Equifax's violations were negligent, entitling Plaintiff to actual damages and reasonable attorneys' fees and costs pursuant to 15 U.S.C. § 1681o.

**SECOND CAUSE OF ACTION**
**Violation of the Fair Credit Reporting Act,**
**15 U.S.C. § 1681c-2**
**(Against the CRA Defendant, Equifax)**

52. Plaintiff repeats and re-alleges each of the foregoing paragraphs as if fully set forth herein.

53. The FCRA requires a consumer reporting agency to block the reporting of information that a consumer identifies as resulting from an alleged identity theft not later than four business days after receiving, from the consumer, appropriate proof of identity, a copy of an identity theft report, identification of the information at issue, and a statement that the information is not information relating to a transaction by the consumer. 15 U.S.C. § 1681c-2(a).

54. Plaintiff provided Equifax with appropriate proof of her identity, a copy of her FTC Identity Theft Report (No. 188514239) sworn under penalty of perjury, a notarized Identity Theft Affidavit, identification of the Fraudulent Accounts, and a statement that the accounts did not result from any transaction by her.

55. Equifax violated 15 U.S.C. § 1681c-2 by failing to block the reporting of the Fraudulent Accounts within four business days of Plaintiff's submission, and by continuing to report the Fraudulent Accounts thereafter.

56. As a direct and proximate result of Equifax's violation of § 1681c-2, Plaintiff suffered actual damages as set forth herein.

57. Equifax's violation was willful, entitling Plaintiff to actual, statutory, and punitive damages and reasonable attorneys' fees and costs pursuant to 15 U.S.C. § 1681n; in the alternative,

COMPLAINT
CASE NO.: 2:26-cv-02325

Consumer Justice Law Firm
450 Alaskan Way South, Suite 200
Seattle, Washington 98104
T: (602) 807-1527

9

Equifax's violation was negligent, entitling Plaintiff to actual damages and reasonable attorneys' fees and costs pursuant to 15 U.S.C. § 1681o.

### THIRD CAUSE OF ACTION
### Violation of the Fair Credit Reporting Act,
### 15 U.S.C. § 1681s-2(b)
### (Against the Furnisher Defendant, Bank of America)

58. Plaintiff repeats and re-alleges each of the foregoing paragraphs as if fully set forth herein.

59. Upon receiving notice of Plaintiff's dispute from Equifax, Bank of America was required to conduct a reasonable investigation, review all relevant information provided by the consumer reporting agency, and report the results of its investigation, modifying, deleting, or permanently blocking any information it could not verify. 15 U.S.C. § 1681s-2(b)(1).

60. Bank of America violated 15 U.S.C. § 1681s-2(b)(1) by its acts and omissions, including, but not limited to:

(a) failing to conduct a reasonable investigation of Plaintiff's dispute;

(b) failing to review all relevant information provided by Equifax; and

(c) failing to modify, delete, or permanently block information it could not verify as accurate.

61. Bank of America's own representative confirmed that the bank had no credit card in Plaintiff's name, yet Bank of America verified the account ending in 2961 as accurate, or otherwise failed to correct or delete it.

62. As a direct and proximate result of Bank of America's violations, Plaintiff suffered actual damages as set forth herein.

63. Bank of America's violations were willful, entitling Plaintiff to actual, statutory, and punitive damages and reasonable attorneys' fees and costs pursuant to 15 U.S.C. § 1681n; in the

COMPLAINT
CASE NO.: 2:26-cv-02325

Consumer Justice Law Firm
450 Alaskan Way South, Suite 200
Seattle, Washington 98104
T: (602) 807-1527

alternative, its violations were negligent, entitling Plaintiff to actual damages and reasonable attorneys' fees and costs pursuant to 15 U.S.C. § 1681o.

**FOURTH CAUSE OF ACTION**
**Violation of the Fair Credit Reporting Act,**
**15 U.S.C. § 1681s-2(b)**
**(Against the Furnisher Defendant, American Express)**

64. Plaintiff repeats and re-alleges each of the foregoing paragraphs as if fully set forth herein.

65. Upon receiving notice of Plaintiff's dispute from Equifax, American Express was required to conduct a reasonable investigation, review all relevant information provided by the consumer reporting agency, and report the results of its investigation, modifying, deleting, or permanently blocking any information it could not verify. 15 U.S.C. § 1681s-2(b)(1).

66. American Express violated 15 U.S.C. § 1681s-2(b)(1) by its acts and omissions, including, but not limited to:

    (a) failing to conduct a reasonable investigation of Plaintiff's dispute;

    (b) failing to review all relevant information provided by Equifax; and

    (c) failing to modify, delete, or permanently block information it could not verify as accurate.

67. American Express confirmed in writing that Plaintiff's "personal information is not on the account," yet verified the account ending in 1083 as accurate, or otherwise failed to correct or delete it.

68. As a direct and proximate result of American Express's violations, Plaintiff suffered actual damages as set forth herein.

69. American Express's violations were willful, entitling Plaintiff to actual, statutory, and punitive damages and reasonable attorneys' fees and costs pursuant to 15 U.S.C. § 1681n; in the

COMPLAINT
CASE NO.: 2:26-cv-02325

Consumer Justice Law Firm
450 Alaskan Way South, Suite 200
Seattle, Washington 98104
T: (602) 807-1527

11

alternative, its violations were negligent, entitling Plaintiff to actual damages and reasonable attorneys' fees and costs pursuant to 15 U.S.C. § 1681o.

## FIFTH CAUSE OF ACTION
### Violation of the Washington Consumer Protection Act, RCW 19.86 et seq.
### (Against All Defendants)

70. Plaintiff repeats and re-alleges each of the foregoing paragraphs as if fully set forth herein.

71. The Washington Consumer Protection Act prohibits unfair or deceptive acts or practices in the conduct of any trade or commerce. RCW 19.86.020.

72. Defendants engaged in unfair or deceptive acts or practices in trade or commerce by reporting, furnishing, and verifying credit information about Plaintiff that they knew or should have known was inaccurate, and by failing to conduct reasonable investigations of Plaintiff's disputes.

73. Defendants' conduct occurred in their respective businesses of consumer credit reporting and consumer lending, affects the public interest, and is part of a course of conduct capable of repetition against other consumers.

74. As a direct and proximate result of Defendants' unfair or deceptive acts or practices, Plaintiff suffered injury to her business or property, including damage to her credit and consequential economic harm.

75. Plaintiff is entitled to actual damages, treble damages up to the statutory maximum, and reasonable attorneys' fees and costs pursuant to RCW 19.86.090, together with injunctive relief.

//

COMPLAINT
CASE NO.: 2:26-cv-02325

Consumer Justice Law Firm
450 Alaskan Way South, Suite 200
Seattle, Washington 98104
T: (602) 807-1527

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Ao Liu respectfully requests that this Court enter judgment in her favor and against Defendants as follows:

A.  Awarding Plaintiff actual damages, including damages for emotional distress;

B.  Awarding Plaintiff statutory damages;

C.  Awarding Plaintiff punitive damages;

D.  Awarding Plaintiff treble damages as provided by applicable state law;

E.  Awarding Plaintiff reasonable attorneys' fees and costs;

F.  Entering a declaratory judgment that Plaintiff has no liability for the Bank of America account ending in 2961 or the American Express account ending in 1083;

G.  Granting a permanent injunction enjoining Defendants from reporting, furnishing, or publishing the Fraudulent Accounts and from undertaking any collection activity related to them;

H.  Awarding pre-judgment and post-judgment interest as allowed by law; and

I.  Granting such other and further relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38, Plaintiff hereby demands a trial by jury of all issues so triable.

Respectfully submitted this 2nd day of July 2026.

**CONSUMER JUSTICE LAW FIRM**

*/s/ Dawn McCraw*
Dawn McCraw, WA # 54543
450 Alaskan Way South, Suite 200
Seattle, Washington 98104
T: (602) 807-1527
F: (480) 613-7733

COMPLAINT
CASE NO.: 2:26-cv-02325

Consumer Justice Law Firm
450 Alaskan Way South, Suite 200
Seattle, Washington 98104
T: (602) 807-1527

E: dmccraw@consumerjustice.com

**BIENSTOCK PLLC**

*/s/ Martin Bienstock*
Martin Bienstock
*Pro Hac Vice Forthcoming*
1629 K St. NW, Suite 300
Washington, D.C. 20006
T: (202) 908-6601
E: MBienstock@BienstockPLLC.com

*Attorneys for Plaintiff Ao Liu*

COMPLAINT
CASE NO.: 2:26-cv-02325

Consumer Justice Law Firm
450 Alaskan Way South, Suite 200
Seattle, Washington 98104
T: (602) 807-1527

14